# THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE CHIEF JUDGE TIMOTHY C. STANCEU

| | |
|---|---|
| PROSPERITY TIEH ENTERPRISE CO., LTD, ) <br> ) <br> Plaintiff, ) <br> and ) <br> ) <br> YIEH PHUI ENTERPRISE CO., LTD., ) <br> ) <br> Consolidated Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> AK STEEL CORPORATION, CALIFORNIA ) <br> STEEL INDUSTRIES, INC., STEEL DYNAMICS ) <br> INC., ARCELORMITTAL USA LLC, NUCOR ) <br> CORPORATION, AND UNITED STATES STEEL ) <br> CORPORATION, ) <br> ) <br> Defendant-Intervenors. ) | **Public Document** <br><br> Consol. Ct. No. 16-00138 |

### PLAINTIFF PROSPERITY TIEH'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S NOVEMBER 24, 2022 FINAL REDETERMINATION PURSUANT TO COURT REMAND

                                                            Donald B. Cameron
                                                            Julie C. Mendoza
                                                             R. Will Planert
                                                           Brady W. Mills
                                                            Mary S. Hodgins
                                                            Eugene Degnan

                                                           **MORRIS, MANNING & MARTIN LLP**
                                                           1401 Eye Street, N.W., Suite 600
                                                           Washington, D.C. 20005
                                                           (202) 408-5153

March 30, 2022                                      *Counsel to Prosperity Tieh Enterprise Co., Ltd.*

**Table of Contents**

| | | |
|---|---|---:|
| I. | ARGUMENT............................................................................................................................ | 2 |
| II. | CONCLUSION ....................................................................................................................... | 7 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Echjay Forgings Private Limited v. United States*,
  475 F. Supp. 3d 1350 (Ct. Int'l Trade 2020) ...............................................................5

*Ferro–Union, Inc. v. United States*,
  44 F. Supp. 2d 1310 (Ct. Int'l Trade 1999) ..................................................................5

*Koyo Seiko Co., Ltd. v. United States*,
  516 F. Supp. 2d 1323 (Ct. Int'l Trade 2007) ................................................................6

*Prosperity Tieh Enter. Co. v. United States*,
  965 F.3d 1320 (Fed. Cir. 2020)....................................................................................2

**Regulations**

19 C.F.R. § 351.401(f)................................................................................................3

19 C.F.R. § 351.401(f)(2) ...........................................................................................7

19 C.F.R. § 351.401(f)(2)(i)-(iii) ................................................................................3

**Other Authorities**

*Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296
  (Dep't Commerce May 19, 1997).........................................................................3, 7

# THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE CHIEF JUDGE TIMOTHY C. STANCEU

| | |
|---|---|
| PROSPERITY TIEH ENTERPRISE CO., LTD, ) <br> ) <br> Plaintiff, ) <br> and ) <br> ) <br> YIEH PHUI ENTERPRISE CO., LTD., ) <br> ) <br> Consolidated Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> AK STEEL CORPORATION, CALIFORNIA ) <br> STEEL INDUSTRIES, INC., STEEL DYNAMICS ) <br> INC., ARCELORMITTAL USA LLC, NUCOR ) <br> CORPORATION, AND UNITED STATES STEEL ) <br> CORPORATION, ) <br> ) <br> Defendant-Intervenors. ) | **Public Document** <br><br> Consol. Ct. No. 16-00138 |

### PLAINTIFF PROSPERITY TIEH'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S NOVEMBER 24, 2022 FINAL REDETERMINATION PURSUANT TO COURT REMAND

Plaintiff Prosperity Tieh Enterprise Co., Ltd. ("Prosperity" or "PT") files these comments on the U.S. Department of Commerce's ("Commerce") November 24, 2021 Final Results of Redetermination Pursuant to Court Remand (*Prosperity Tieh Enterprise Co., Ltd. and Yieh Phui Enterprise Co., Ltd. v. United States,* Consol. Court No. 16-00138, Slip Op. 21-113: Final Results of Redetermination Pursuant to Court Remand, released on November 24, 2021 ("Final

2nd Remand Redetermination") (ECF No. 155; Rem. P.R. 2)) pursuant to the remand order of the U.S. Court of International Trade (CIT) issued on September 1, 2021, for further proceedings consistent with the opinion issued by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *Prosperity III*. *See Prosperity Tieh Enter. Co. v. United States*, 965 F.3d 1320 (Fed. Cir. 2020) (*Prosperity III*), Federal Circuit Mandate in Appeal # 19-1400 (September 8, 2020), ECF. No. 132; *see also Prosperity Tieh Enter. Co. v. United States*, Consol. Ct. No. 16-00138, Slip Op. 21-113 (CIT September 1, 2021) ("CIT Remand Order"). As discussed below, Commerce's decision in the Final 2nd Redetermination not to collapse Prosperity with Yieh Phui Enterprise Co., Ltd. ("Yieh Phui" or "YP") or the YP/Synn Industrial Co., Ltd. ("Synn") single entity (collectively, "YP/Synn" or the "YP/Synn entity") is supported by substantial evidence and is otherwise in accordance with law and should be affirmed.

I. **ARGUMENT**

The CIT Remand Order directed Commerce: (1) to reach a new determination regarding whether the collapsing of Prosperity Yieh Phui or YP/Synn is appropriate, consistent with the Federal Circuit's opinion in *Prosperity III* that the collapsing of Prosperity with the YP/Synn entity solely based on an analysis of the relationship between Prosperity and Synn, without analysis of the relationship between Prosperity and Yieh Phui or the YP/Synn entity, is unlawful; and (2) to reinstate the use of facts otherwise available with an adverse inference as to the reporting of yield strength in calculating Prosperity's margin (or the component of the margin calculated for the single entity attributable to Prosperity). *See* CIT Remand Order at 14 and 16; *see also Prosperity III*, 965 F.3d at 1328. These comments address only the first issue of collapsing.

In the Final 2nd Redetermination, Commerce reconsidered its collapsing determination by examining the relationship of Prosperity to Yieh Phui or the YP/Synn single entity and correctly determined, consistent with the Federal Circuit opinion in *Prosperity III* and the CIT Remand Order, that Prosperity should not be collapsed with Yieh Phui or the YP/Synn single entity. As discussed below, Commerce's collapsing determination is supported by substantial evidence and in accordance with law.

As explained in the Final 2nd Redetermination, Commerce's collapsing analysis requires that three conditions be satisfied for Commerce to collapse two or more producers "single entity:" (i) the producers must be affiliated, (ii) the producers must have "production facilities for similar or identical products that would not require substantial retooling of either facility in order to restructure manufacturing priorities," and (iii) Commerce must show that there is "a significant potential for the manipulation of price or production." 19 C.F.R. § 351.401(f). In analyzing the significant potential for manipulation, Commerce considers: (1) "{t}he level of common ownership;" (2) "{t}he extent to which managerial employees or board members of one firm sit on the board of directors of an affiliated firm;" and (3) "{w}hether operations are intertwined," for example, "through the sharing of sales information, involvement in production and pricing decisions, the sharing of facilities or employees, or significant transactions between the affiliated producers." These factors are not exhaustive and are considered in light of the totality of circumstances. 19 C.F.R. § 351.401(f)(2)(i)-(iii); *see also Antidumping Duties; Countervailing Duties*, 62 Fed. Reg. 27,296, 27,346 (Dep't Commerce May 19, 1997) ("Preamble").

The record is clear and it is uncontested that Prosperity and Yieh Phui are affiliated through the family relationship of their chairmen and ownership, and that they both produce

subject merchandise. Therefore, the crux of the analysis is whether their relationship is such that it poses a significant potential to manipulate price or production of the subject merchandise between Prosperity and Yieh Phui or YP/Synn.

Commerce correctly determined in the Final 2nd Redetermination that there is <u>virtually no</u> record evidence to support a determination that there exists the significant potential to manipulate price or production between Prosperity and Yieh Phui:

> First, Prosperity and Yieh Phui do not share any significant common ownership, and there is no overlap in their largest shareholders. Second, none of Prosperity or Yieh Phui's managers and directors serve as managers or directors of the other firm. Third, the record does not reflect that the operations of Prosperity and Yieh Phui are intertwined in any way; specifically, the firms do not share sales information, have no involvement in each other's production and pricing decisions, do not share facilities or employees, and had no significant transactions with each other.

Final 2nd Redetermination at 12 (internal citations omitted). Thus, as there is no evidence supporting the third criterion for collapsing, Commerce correctly determined not to collapse Prosperity and Yieh Phui.

Commerce notes that there are factors "which *could* support Commerce's finding of a "potential for manipulation of price or production" between Prosperity and Yieh Phui, including: (1) a familial relationship between Prosperity and Yieh Phui (suggesting common family control); and (2) the notation in Prosperity's verification report that an "informal agreement" exists between Prosperity and Yieh Phui which provides that Prosperity and Yieh Phui may each appoint one of Synn's three directors (suggesting informal coordination between respondents). *Id.* at 12-13 (emphasis in the original). Commerce correctly concluded, however, that neither of these factors were sufficient bases for a collapsing determination.

4

Commerce correctly determined that the familial relationship between Prosperity and Yieh Phui does not constitute common family control and is not a basis to collapse these producers. The chairman of Prosperity and the chairman of Yieh Phui are both members of the extended Lin family, and under Commerce's practice a family (including extended family) may be viewed as a "person" for purposes of the affiliation and collapsing analyses. *See Ferro–Union, Inc. v. United States,* 44 F. Supp. 2d 1310, 1325-26 (Ct. Int'l Trade 1999). The fact that there are "familial relations" between two entities, however, does not in itself support a determination that the two entities constitute a single person for purposes of affiliation and collapsing. In analyzing this issue, the CIT has held that "Commerce may not automatically find affiliated family members to be a person under subsection (F) but must instead address the evidence" of the family and company interactions. *See Echjay Forgings Private Limited v. United States*, 475 F. Supp. 3d 1350, 1368-1369 (Ct. Int'l Trade 2020) ("*Echjay*"). The court in *Echjay* further held that "this conclusion requires the predicate analysis that the {} family is in fact an intact family grouping" operating to manipulate production and sales. *Id.*. Thus, in order to be a basis for collapsing, the record must show that the family grouping shares a common interest and consists of relationships that impact business decisions of the family owned companies.

In *Echjay,* record evidence showed that the entities controlled by the various family members did not interfere in, control, or participate in the business of the entities of the other family members. *Id.* Based on this, the CIT determined that substantial evidence did not support finding the family members constitute a "person" for purposes of affiliation or collapsing analyses. *Id.* Commerce correctly came to the same determination in this case.

The record shows that the family members of Prosperity, and the separate family members of YP, do not share a common interest and do not interfere in, control, or participate in the business of the other family members. As noted by Commerce, "the Lin family members involved in the ownership, board, or management of Prosperity and its affiliates are all direct family relations (i.e., sibling, spouse, or parent/child) of Mr. Kao-Huang Lin, and that the Lin family members involved in the ownership, board, or management of Yieh Phui are all direct family relations of Mr. Lin, I Shou." Final 2nd Redetermination at 26. In the CORE Taiwan investigation, the Department investigated the collapsing criteria extensively, and came to the correct conclusion then, as now, that the totality of the evidence does not support a collapsing determination between Prosperity and YP. For example, the Department verified that "other than the familial relationship between the two chairmen, PT and YP are competitors and do not have any overlapping (or intertwined) business operations" and that "YP is PT's main competitor in both the domestic and the export market." C.R. Doc 568 at 4-5 ("Prosperity Sales Verification Report"). It further noted that "there is very little personal or professional interaction among the family members involved in the respective companies" and the companies "do not have any agreements with respect to price, customers, or market segment." *Id.* at 4. Accordingly, the record evidence does not support that there was common "family control" of Prosperity and Yieh Phui sufficient to warrant collapsing.

Commerce also correctly determined that the "informal agreement" between Prosperity and Yieh Phui, which provides that Prosperity and Yieh Phui may each appoint one of Synn's three directors, is not evidence of the significant potential for manipulation. Collapsing is meant to be based on "unusual situations" (*Koyo Seiko Co., Ltd. v. United States*, 516 F. Supp. 2d 1323, 1346 (Ct. Int'l Trade 2007)), and is not to intended to be applied for every ordinary interaction.

6

*See Antidumping Duties; Countervailing Duties, Final Rule,* 62 Fed. Reg. 27,296, 27,345 (Dep't Commerce May 19, 1997). Commerce correctly concluded that the "informal agreement" did not meet this standard. Commerce recognized that "{s}uch an arrangement between the largest shareholders in a company is not extraordinary and we do not consider it, in itself, evidence of potential for manipulation." Final 2nd Redetermination at 13. Accordingly, Commerce was correct in its determination that this "typical" type of agreement does not constitute the type of "unusual situation" that would indicate a "significant" potential for manipulation that warranted collapsing. *Id.* at 31.

In sum, Commerce evaluated the record evidence and correctly concluded that the record shows that the criteria for collapsing at 19 C.F.R. § 351.401(f)(2): common ownership, overlapping managers or directors, and intermingled operations, are not met in regard to Prosperity and Yieh Phui. *Id.* at 29-31. Accordingly, Commerce's determination not to collapse Prosperity and Yieh Phui is supported by substantial evidence and is in accordance with law and should be affirmed.

## II.   CONCLUSION

Based on the above, Prosperity respectfully submits that the Court should sustain Commerce's Final 2nd Redetermination.

Respectfully submitted,

/s/ Brady Mills

Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Paul J. McGarr, Trade Specialist

March 30, 2022                                                    *Counsel to Prosperity Tieh Enterprise Co., Ltd.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 1,782 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

          /s/ Brady W. Mills
          Brady W. Mills