THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE SENIOR JUDGE TIMOTHY C. STANCEU

| | |
|---|---|
| PROSPERITY TIEH ENTERPRISE CO., LTD, | |
| Plaintiff, | |
| and | |
| YIEH PHUI ENTERPRISE CO., LTD., | **NON-CONFIDENTIAL** |
| Consolidated Plaintiff, | |
| v. | Consol. Ct. No. 16-00138 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AK STEEL CORPORATION, CALIFORNIA STEEL INDUSTRIES, INC., STEEL DYNAMICS INC., ARCELORMITTAL USA LLC, NUCOR CORPORATION, AND UNITED STATES STEEL CORPORATION, | |
| Defendant-Intervenors. | |

**ORDER**

Upon consideration of the Defendant-Intervenors' Motion for Oral Argument, Plaintiff Prosperity's Response In Opposition To Defendant-Intervenors' Motion For Oral Argument, and all other papers submitted herein, it is hereby:

**ORDERED** that Defendant-Intervenors' Motion for Oral Argument be and hereby is denied.

| 2022 | |
|---|---|
| Dated | Timothy C. Stanceu, Senior Judge |
| | New York, NY |

THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE SENIOR JUDGE TIMOTHY C. STANCEU

| | |
|---|---|
| PROSPERITY TIEH ENTERPRISE CO., LTD, | ) |
| Plaintiff, | ) |
| and | ) |
| YIEH PHUI ENTERPRISE CO., LTD., | ) **NON-CONFIDENTIAL** |
| Consolidated Plaintiff, | ) |
| v. | ) Consol. Ct. No. 16-00138 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| AK STEEL CORPORATION, CALIFORNIA STEEL INDUSTRIES, INC., STEEL DYNAMICS INC., ARCELORMITTAL USA LLC, NUCOR CORPORATION, AND UNITED STATES STEEL CORPORATION, | ) |
| Defendant-Intervenors. | ) |

**PLAINTIFF PROSPERITY'S RESPONSE IN OPPOSITION TO
DEFENDANT-INTERVENORS' MOTION FOR ORAL ARGUMENT**

Pursuant to U.S. Court of International Trade Rule 7, Plaintiff Prosperity Tieh Enterprise Co., Ltd. ("Prosperity") submits this response in opposition to the May 19, 2022 motion of Defendant-Intervenors Cleveland-Cliffs Steel Corporation, Cleveland-Cliffs Steel LLC, Nucor Corp., Steel Dynamics, Inc., California Steel Industries, Inc., and United States Steel Corporation for oral argument in this proceeding. For the reasons set forth below, Prosperity requests that the Court deny Defendant-Intervenors' motion for oral argument and conclude this litigation expeditiously.

1

Defendant-Intervenors' contention that more oral argument is necessary in this litigation is unnecessary and disingenuous. It is unnecessary because this litigation has been ongoing for close to six years, since Prosperity filed its complaint on July 27, 2016, and the collapsing issue has been fully examined. *See* Plaintiff's Complaint, *Prosperity Tieh Enter. Co. v. United States*, Court No. 16-00138 (July 27, 2016), ECF No. 6. The collapsing issue has been extensively briefed by all parties, remanded, commented upon, appealed to the U.S. Court of Appeals for the Federal Circuit, and remanded a second time. *See Prosperity Tieh Enter. Co. v. United States*, 965 F.3d 1320 (Fed. Cir. July 15, 2020); *Prosperity Tieh Enter. Co. v. United States*, 532 F. Supp. 3d 1401 (Ct. Int'l Trade Sept. 1, 2021). The U.S. Department of Commerce issued its Remand Redetermination in accordance with the decision of the Federal Circuit. *See* Final Results of Redetermination, *Prosperity Tieh Enter. Co. v. United States*, Court No. 16-00138 (Feb. 14, 2022), ECF No. 156 ("Feb. 14, 2022 Remand Results"). All parties have had ample opportunity to comment on Commerce's latest redetermination, with both the Defendant-Intervenors and the U.S. Government seeking and receiving further extensions of time to comment. We believe that the Court is thoroughly familiar with the facts and law relevant to the collapsing issue in this litigation and that further oral argument is an unnecessary delay.

Defendant-Intervenors' motion for oral argument appears to be disingenuous because it is calculated simply to delay this litigation in order to benefit Defendant-Intervenors' position in a different proceeding. Defendant-Intervenors are also participating in a five-year sunset review before the U.S. International Trade Commission where they are arguing that the antidumping duty and countervailing duty orders on corrosion-resistant steel products ("CORE") from Taiwan, and other countries, should continue. *See Certain Corrosion-Resistant Steel Products from China, India, Italy, Korea, and Taiwan; Institution of Five-Year Reviews*, 86 Fed. Reg.

29,283 (Int'l Trade Comm'n June 1, 2021); *Certain Corrosion-Resistant Steel Products from China, India, Italy, Korea, and Taiwan; Notice of Commission Determination to Conduct Full Five-Year Reviews*, 86 Fed. Reg. 69,069 (Int'l Trade Comm'n Dec. 6, 2021); *see also* Letter from King & Spalding to U.S. Int'l Trade Comm'n, "Prehearing Brief of Cleveland-Cliffs Inc.," (May 9, 2022) (on record of Investigation No. 701-TA-534). An important consideration in that proceeding will be whether or not Yieh Phui, the largest exporter of CORE from Taiwan, is subject to the Order. Yieh Phui will be excluded from the Order on CORE from Taiwan under Commerce's redetermination at the conclusion of this litigation. *See* Feb. 14, 2022 Remand Results at 14, ECF No. 156-1 ("As the margin calculated for the YP/Synn entity is below the *de minimis* threshold, Commerce will exclude entries of subject merchandise produced and exported by YP/Synn from the order should these results be sustained by the CIT."). Defendant-Intervenors' motion for oral argument is a transparent attempt to delay this proceeding so that Yieh Phui is not excluded before the final determination is made in the five-year sunset review, which is currently due on August 5, 2022. *See* 19 U.S.C. § 1675(c)(5)(A), (B).

For the foregoing reasons, Prosperity respectfully requests that the Court deny Defendant-Intervenors' Motion for Oral Argument.

|  | Respectfully submitted, |
|---|---|
|  | /s/  Donald B. Cameron |
|  | Donald B. Cameron |
|  | Julie C. Mendoza |
|  | R. Will Planert |
|  | Brady W. Mills |
|  | Mary S. Hodgins |
|  | Eugene Degnan |
|  | Nicholas C. Duffey |
|  |  |
|  | **MORRIS, MANNING & MARTIN LLP** |
|  | 1401 Eye Street, N.W., Suite 600 |
|  | Washington, D.C. 20005 |
|  | (202) 408-5153 |
| May 20, 2022 | *Counsel to Plaintiff* |

4